Good morning, Your Honors. May it please the Court, my name is Ina Lipkin on behalf of Petitioner Amit Sharma. Mr. Sharma contends that the Board erred in failing to find that he established persecution on an enumerated ground, namely on two prongs. The first would be membership in a social group containing his family, specifically his mother and father. And secondly, on a claim that the police were unwilling or unable to protect him from harm by private individuals who exerted some sort of political clout over the actions of the police. The Board erroneously failed to recognize Mr. Sharma's arguments on appeal regarding these two grounds of past persecution, given that the immigration judge had found his testimony wholly credible and had found that he had established persecution. Of course, the issue we have here is the legal issue as to what the definition of a social group is. And have we ever held that parents constitute a social group? I think that this Court has held that all kinds of family members have constituted a social group. The Court has found that, in the cases cited by the petitioner in his opening brief, Sanchez... Which one? Let me find that. Sanchez-Trujillo. The Court had found that familial ties can constitute a basis for claiming membership in a social group. The petitioner had cited various cases. Thomas v. Gonzalez. This Court has found that... I think that was a South African case... that membership in a social group consisting of members of a family who other people had imputed a political opinion to... What happened to Thomas? Was the in-bank decision the final decision in that case? It went to the Supreme Court. Right. But that's not been overruled by this Court. And Thomas is often cited for the principle that membership in a social group consisting of family members would count. Now, the petitioner... Well, what the Supreme Court did was that it wasn't for us to make the determination in the first instance. It had to go back to the BIA. So that's hardly powerful precedent. Well, in Sanchez-Trujillo, this Court has found that the family, without specifically delineating which family members, but just generally the family is the, quote, prototypical example, unquote, of a social group. So here the respondent is claiming that his immediate family members, his mother and his father, with whom he had obviously the familial tie, who were targeted by the corrupt uncles, this constituted... Well, I guess there's, I mean, my concern here is that a lot of families fight about money and control of family businesses. And that's one way to look at this particular case, that that's what's going on here, that these people have money and they're fighting over who's going to get the proceeds and all of that. And so if that's the way they looked at this particular... If we were to say that this is a family group in this situation, it concerns me that every family that has infighting over money would then be claiming that they're entitled to asylum. I completely agree with you, Your Honor. However, the caveat here is that when the petitioner walked six miles to his local police station to make a claim that his father had been attacked and that his mother felt the need to douse herself in oil and set herself on fire due to the pressure exerted by the uncles, the police not only ignored his claim, but affirmatively threatened him not to pursue such a claim. So petitioner argues that this other component, the fact that the police affirmatively threatened him, clearly shows that the uncles exerted some sort of political clout over the police. And on this basis, he is deserving of asylum based on persecution on enumerated ground that the police are unwilling or unable, due to this political clout, from protecting him and his other family members. But how does that differ from the circumstance where you might have organized crime, for example? The same circumstance might occur, but the concern would be that there's not a nexus between that and a protected ground. So what's your theory? Well, I believe that this court has held that in situations where, again, the government plainly states we are unwilling or shows that they are unable to protect an individual from harm in that situation, an asylum applicant has established past persecution. I mean, what is your theory? Political opinion? Is it religion? What's your nexus theory? In other words, you can't just have an abstract claim of violence on behalf of a particular group. It has to be one that's protected by the act. Sure, Your Honor. As argued in the brief, the initial claim was that due to his membership in a social group, constituting his family, he was persecuted because the uncles had a societal expectation to share in the wealth of their prosperous garment factory. Much like in India, perhaps, people of the same caste are expected to marry within their caste, and marrying outside the caste would be an act of retaliation and therefore have some political ramification. In the same sense, the petitioner is arguing that going against the societal norm of sharing wealth within one's economic strata What's your best case to support that going against a social norm is a protected activity? It's not religion, it's not political belief. What's your best case on that? I don't think it was said in this brief, FATIN, F-A-T-I-N, versus I-N-S, where in that case a young girl did not want to wear a head covering in a Muslim family and rebelled against her father's personal views regarding what is normal for their religious upbringing. There you just said the word religious. Right, as an example of how membership in a family group where there is no political per se act or statements made by an applicant. In that case, the female petitioner didn't express any political views against her father. She simply said, I don't want to go along with what in our society is deemed appropriate. I don't want to wear this head covering. She was persecuted and the police were unwilling or unable to protect her. Similarly, here we have similar facts. Counsel, I can't find FATIN. How do you spell it and what page is it cited in the brief? It's not cited in this brief, Your Honor. It's F-A-T-I-N. Did you file a 28-J letter? No, Your Honor. Well then, before you leave the courtroom today, provide copies of that citation to opposing counsel and with the clerk of court. Absolutely. If you'd like us to look at that case. I would like you to look at the case. All right. So I think maybe I'll leave a little time for rebuttal. You may do so. If that comes up. We'll hear from the government. Morning, Your Honors. Morning. Would you please introduce yourself for the record? Yes. I may please the court. Anita Natsunla for Respondent, Attorney General Eric Holder. Very well. The one issue before the court this morning, Your Honors, is the question of nexus. That's whether the petitioner connected the harm that he encountered in India to one of the grounds enumerated under the INA. Substantial evidence in the record, which includes the referral from the asylum office, the immigration judge's denial, as well as the board denial, supports the agency conclusion that petitioner did not demonstrate that his membership in these two proffered particular social groups. That is, he's an individual who goes against the Indian social norm of assisting their family members and individuals who report illegal activity. The question I had in this case is whether or not the BIA addressed all of the arguments raised by the petitioner. Specifically, the argument that the immediate family consisted of a social group. So, Your Honor, I'm not able to answer that question definitively because the board didn't specifically address it in the board decision. Right. That's my point. But it implicitly acknowledged in its analysis in order to reach the question of the nexus, in order to dispositively dispose of the issue on the nexus question, the board had to have reached or done some analysis as to whether or not this particular social group Why do you say that? Because, I mean, the board specifically addressed two of the grounds urged. It just didn't talk about this particular ground. Meaning the particular, it discussed, I thought it only, in my reading of the decision, I thought it only reached analysis on the nexus issue. No, it discussed social group as well. It just No, I guess maybe we're talking past each other, but in the brief to the board, the petitioner raised three grounds of nexus. And the board only dealt with two of them. So, usually under our case law, if the board hasn't decided an issue raised by the petitioner, we would remand and have it decided. Rather than decide it in the first instance. And that's consistent with what the Supreme Court told us to do in Thomas v. Gonzalez. That, you know, we don't decide it in the first instance, we give it to the BIA. So my question to you is, and that's my concern in the case is, since the board didn't decide one of the issues, shouldn't we remand that, at least for the board? Well, no, Your Honor, because in, the board dealt with the dispositive issue of nexus. And in dealing with the dispositive issue of whether or not the petitioner satisfied the nexus requirement, it implicitly did analysis on the particular social group. And so for the analysis of what Not to interrupt, but what it did on nexus is to say, here are your arguments on nexus vis-a-vis these two social groups. It didn't deal with the third argument. You'll agree with that. The third argument being the political opinion? No, no, the social group being the immediate family. So it did hear and consider whether or not that was a particular social group. Because in order to establish eligibility for asylum, the board would have had to find whether the harm is connected to one of the enumerated grounds. So in order to do an analysis, I apologize for interrupting. No, no, go ahead. You're not answering my question, but maybe I'm not being clear. This was the argument in the brief. They said, we raised this issue and the board didn't deal with it. But the board did deal with it on page three of the record, Your Honor. And it's in the paragraph where they list, they go into a little bit of the history, procedural history of board cases dealing with family, being a particular social group. So they considered and they heard the petitioner's claim. And then they decided, they declined to reach a definitive issue on the particular social group because they could address the issue on the dispositive nexus issue. You're saying they assumed it to be a social group, but said even if it is a social group, it fails because there's no nexus? Is that what you're saying? That's correct, Your Honor. And so it's not necessary. But you're agreeing with Judge Thomas in the sense that they didn't say it was a social group or not. They just jumped over that and... And went to the nexus issue. Yes, Judge Callahan. And so... No, but I don't read it that way. I mean, what they were saying was, the nexus has to be a protected ground. A protected ground can be a social group. These social groups don't qualify. And they aren't... We can't find a nexus between this and the social groups. I just don't think... In my reading of it, I just don't think they dealt with the issue of the third ground that was asserted in the briefs. So, you disagree with me. I guess we'll have to leave it there. But just assuming, hypothetically, I guess, Your Honor, that the board had found, had addressed it, and had assumed that those particular social groups were cognizable under the INA, petitioner still hasn't met him. Let me just ask you back to page 3 that you cited. In the last paragraph, or the paragraph beginning at the bottom of that page, it says, In the present case, we agree with the immigration judge, the respondent failed to establish that he was mistreated by his uncles on account of his membership in a particular social group. Is that enough to dispose of that argument? Or is that a bypass of it? I believe this is enough. Under Ninth Circuit case law, the board doesn't need to recite an exegesis on issues. They just simply need to give the court enough to review the issue and consider whether or not it was analyzed and considered appropriately. And in this case, by my reading of it, they assumed the particular social group and they disposed of the case solely on the nexus issue, finding that petitioner hadn't demonstrated that any harm that he experienced in India was on account of his membership in these particular social groups because before the IJ, when petitioner was questioned about why he was attacked and why his father was attacked, again and again, the record is peppered with references to the uncles wanting to acquire legal ownership and acquisition of this factory. Right, but that wasn't the argument. I think I understand your theory, but the board did actually say, Here are the social groups. Here's your social group argument. We don't find a nexus to these social groups and identified two out of the three social groups that they raised the appeal on. Yes, Your Honor, so in dealing with the nexus argument, so the board was focusing on the nexus argument as opposed to the particular social group. Well, when it says we will now address the respondent's particular social group assertions, it seems as though it's actually addressing those. Right, so they did... And then they say, Here are the particular social group assertions, and they list two and they omit one. That's my only point, is that they didn't deal with the social group assertion that was one of them that was raised at the brief. I mean, that's their argument in the brief. I'm not making this up. That's their central argument in the brief. Right, but Your Honor, even if the board didn't deal with a particular social group, they're able to dispose of the issue, and they can appropriately deal with the issue on the nexus issue, since that's a dispositive issue. And so the court would have to assume that they held that the particular social group that they heard and considered it, and they found that it was a cognizable one, and they would have to assume that the board didn't take any... Right, but they didn't start with that assumption, is my only point. But I don't want to quarrel with you on this. Other people may have other questions. Do you have anything further, counsel? So just in summing up, Your Honor, the petitioner has the burden to show or demonstrate compelling evidence that would compel the court to find that the board conclusion was wrong, and in this case he hasn't, and the board disposed of the issue solely on the nexus issue. And there they found the petitioner hadn't shown that any of the harm he suffered was on account of his membership in the proffered particular social groups. Thank you. Thank you, counsel. Ms. Lipkin, do you have some reserve time? Your Honors, I just wanted to give a little more information about the case of Fatim v. INS, and I do have the site. And there this court found that a social group is defined as, quote, those Iranian women who find those law, and then in brackets, gender-specific religious laws so abhorrent that they refuse to conform despite enormous penalties for noncompliance. Similarly here, we're not dealing with a religious question, but here the petitioner's family did not want to conform to the social norms of sharing one's vast wealth, if one had vast wealth, with the greedy uncles. Well, let me ask you, since Judge Thomas was raising certain questions about the BIA only mentioning two of the grounds, it would seem to me that you might be partially to blame on that because in Sharma's brief to the BIA, it contains two subpoints discussing his social group claims. And in that discussion, the first one he refers to both articulations of the social group with reference to the immediate family, social group, and the economic support group. So I would argue that they really did address all of them and the way that you framed it in front of them, that was why it looks like they only looked at two. Well, I think this court has held many times that if a petitioner does state all the grounds of relief and maybe doesn't flesh out as fully as one would like each of those grounds, that doesn't mean that he waived the argument. Well, you have to put the BIA on sufficient notice, so I think that's just Callahan's point. I mean, what it says in your brief to the BIA, well, it wasn't your brief, but it was a brief, I think. Persecution in this case was perpetrated against Mr. Sharma's immediate family, which consists of Mr. Sharma and his parents. Mr. Sharma was also persecuted as a member of the social group, and it goes on to identify that. So I mean, I think the construction, at least what I understood the government's response in its brief, not today, was it just wasn't sufficiently raised. So how do you respond to that? Well, even if the prior attorney didn't have a separate bold-headed paragraph for that, I do think he did discuss it fully in his brief. Moreover, it was fully addressed before the IJ, and the board had that transcript in front of them, including the prior attorney's arguments at that hearing. So this wasn't a new issue that suddenly, you know, they had to sift through a lot of legal jargon to find that argument. It was plainly there, and it was fully addressed earlier. Thank you, counsel. Your time has expired. The case just argued will be submitted for decision.
judges: O'scannlain, Thomas, Callahan